IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-686-D

| | |
|---|---|
| PATRICIA ANN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On February 18, 2015, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 38]. In that M&R, Judge Jones recommended that the court deny Patricia Ann Wright's ("plaintiff" or "Wright") motion for judgment on the pleadings [D.E. 27], grant defendant's motion for judgment on the pleadings [D.E. 35], and affirm defendant's final decision. On March 5, 2015, Wright filed objections to the M&R [D.E. 41]. Defendant did not respond to the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Wright's objections. As for those portions of the M&R to which Wright made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Wright's objections concern the ALJ's RFC determination.[1] Wright contends that "the ALJ did not consider limitations and restrictions imposed by all of [the plaintiff's] impairments." [D.E. 41] 1. Specifically, Wright claims that the ALJ improperly "made no mention of Wright's need to

---

[1] Wright presents a theory that she did not present to Magistrate Judge Jones.

2

elevate her legs." [D.E. 41] 2. Thus, Wright contends that the "Commissioner failed to carry her burden, because the ALJ failed to cite substantial evidence that [the plaintiff] elevates her legs most of the day." [D.E. 41] 3.

On March 18, 2015, the United States Court of Appeals for the Fourth Circuit decided Mascio v. Colvin, No. 13-2088, 2015 WL 1219530 (4th Cir. Mar. 18, 2015).[2] In Mascio, the Fourth Circuit noted that a hypothetical posed to a vocational expert, which matches an ALJ's finding regarding residual functional capacity, can be legally insufficient if the ALJ "failed to account for a relevant factor when determining [the plaintiff's] residual functional capacity." Mascio, 2015 WL 1219530, at *4. As in Mascio, remand is appropriate in this case given the ALJ's failure to explain why Wright's alleged limitation concerning the need to elevate her legs did "not translate into a limitation in . . . residual functional capacity." Id. at *5. At the hearing, Wright testified to her need to elevate her legs for a substantial portion of the day. See Tr. 54–55 (hearing transcript). The ALJ did not include the elevation-limitation when posing the hypothetical to the vocational expert and did not address the alleged limitation when determining Wright's credibility or RFC. See Tr. 57–59 (hearing transcript); Tr. 26–30 (ALJ opinion). Furthermore, although the vocational expert acknowledged that a person who needed to elevate their legs for two hours a day would require an accommodation in order to work, see Tr. 59–60 (hearing transcript), the ALJ did not discuss the issue or explain why he was not crediting the relevant testimony. See, e.g., Smith v. Astrue, 467 F. App'x 507, 510–12 (7th Cir. 2012) (per curiam) (unpublished) (remanding because, among other things, the ALJ "failed to explain both why she rejected [plaintiff's] assertion that she must elevate her leg and why she found [plaintiff] not credible . . . .[and] never considered [plaintiff's] RFC in

---

[2] Magistrate Judge Jones and the ALJ did not have the benefit of Mascio when they issued their respective decisions.

3

light of her alleged need to elevate her leg or asked the VE how a leg-elevation requirement would affect . . . job prospects").

Remand is appropriate for another reason. The vocational expert testified that the need for an "assistive device" precluded light work. See Tr. 58 (hearing transcript). Nonetheless, the ALJ found that Wright had the "residual functional capacity to perform light work" but also required the "use of a hand-held assistive device for prolonged ambulation." Tr. 26, 29. "[B]ecause the ALJ here gave no explanation [for this material inconsistency], a remand is in order." Mascio, 2015 WL 1219530, at *5.

Finally, remand is appropriate given Mascio's discussion of "boilerplate" language. In Mascio, the Fourth Circuit found that certain boilerplate language in the ALJ opinion improperly implied "that ability to work is determined first and is then used to determine the claimant's credibility." Id. (quotation omitted).[3] The Forth Circuit noted that the use of improper language would be harmless if the ALJ "properly analyzed credibility elsewhere." Id. at *6. As in Mascio, however, the ALJ did not sufficiently explain his credibility findings concerning Wright. Rather, the ALJ based his RFC determination largely on plaintiff's testimony at the hearing, yet failed to explain why he credited some of the Wright's hearing testimony but not all of it. "Nowhere . . . does the ALJ explain how he decided which of [plaintiff's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement." Id. As in Mascio, "[t]he ALJ's lack of explanation requires remand." Id.

In sum, plaintiff's objections to the M&R [D.E. 41] are SUSTAINED, plaintiff's motion for judgment on the pleadings [D.E. 27] is GRANTED, defendant's motion for judgment on the

---

[3] The ALJ in this case and in Mascio used the same "boilerplate" language. Compare Mascio, 2015 WL 1219530, at *5, with Tr. 27 (ALJ opinion).

4

pleadings [D.E. 35] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). In remanding, the court expresses no opinion on the ultimate outcome.

SO ORDERED. This 19 day of March 2015.

                                                JAMES C. DEVER III
                                                Chief United States District Judge